# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                       Case No. 06-CR-40

JESSE SANDERS,

       Defendant.

_____

## ORDER

On March 29, 2007, this court sentenced Jesse Sanders to a term of 168 months' imprisonment for violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846, and 18 U.S.C. § 922(g)(1). This sentence was imposed on the basis of Sanders' total offense level – 33, and a criminal history score of III, which taken together called for a guideline sentence of 168-210 months. Although charged with offenses involving both crack and powder cocaine, in this instance the defendant's total offense level was calculated solely on the basis of relevant conduct that involved powder cocaine.

On November 1, 2007, the United States Sentencing Commission amended the advisory federal sentencing guidelines for criminal offense involving crack cocaine. On December 11, 2007, the Sentencing Commission further determined that, effective March 3, 2008, these amended guidelines would apply retroactively to all offenders who were sentenced under the previous versions of the sentencing guidelines and who are presently incarcerated. The practical effect of these amendments is that, pursuant to the provisions of 18 U.S.C. § 3582(c)(2),

defendants previously convicted of offenses involving crack cocaine may be eligible for a reduction in their sentence.

On September 18, 2008, Sanders filed a pro se motion to reduce his sentence consistent with the provisions of § 3582(c)(2). Having considered Sanders' motion, together with an analysis from the United States Probation Office, and comments from the United States Attorney's Office, the court concludes that the motion must be denied. Under the amended guidelines, Sanders' offense level and sentencing guideline range remain the same. As earlier noted, Sanders was convicted for drug offenses involving powder and crack cocaine; however, his guideline range was calculated solely upon the weight of powder cocaine, which is not a drug affected by the Sentencing Commission's amendments. Therefore, the court finds no factual or legal basis to reduce the 168 month sentence imposed on March 29, 2008.

Accordingly,

**IT IS ORDERED** that Sanders' motion to reduce (Docket #243) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge